FIRST NATIONAL BANK OF NEWTON, IOWA, *et al.*, v. C. W. CAMPBELL, *et al.*, Appellants.

Judgments: FORECLOSURE OF EQUITY: PRIORITY OF LIENS. Where a mortgagor brought suit against his mortgagees, demanding an application of moneys in their hands and to relieve his home-stead from liability for debts, making an inferior judgment lien-holder a party, and one of the mortgagees filed a cross-petition alleging a settlement by conveyance of the mortgaged premises and asking a decree barring the equity of redemption of the other lienholders, but no notice of the cross-petition was served upon the judgment lienholder, a decree simply foreclosing the judgment lienholder's equity unless redemption should be made "as provided by law and within the time fixed by law" should be construed as only fixing the priorities of the liens and only necessitating a redemption in case of a subsequent sale, in the absence of which the judgment lienor's equity was not terminated.

*Appeal from Jasper District Court.*—HON. W. C. CLEMENTS, Judge.

WEDNESDAY, FEBRUARY 3, 1904.

C. W. Campbell recovered judgment for the sum of $109 against Claus Claussen February 6, 1893. The latter was then the owner of the real estate in controversy, upon

which there were·three mortgages, one to the Newton Savings
Bank, one to the First National Bank of Newton, and an-
other in favor of J. B. Henderson.   In May, 1892, Clausssen
began suit against the First National Bank of Newton, the ·
Newton Savings Bank, and others, demanding the proper ap-
plication of certain moneys in the hands of the banks, and
that his homestead be declared not liable for any of the debts
described.   The banks answered jointly, and each filed a
cross-petition demanding the foreclosure of its mortgage, and
praying for the usual decree.   Campbell was made a party
defendant in each cross-petition, and duly served with orig-
inal notices.   The Claussens answered thereafter, and on Jan-
uary 1, 1893, the First National Bank filed a supplemental
cross-petition, alleging the compromise and settlement of the
differences between it and the Claussens, under the terms of
which it took a conveyance of the land with right of posses-
sion March 1st following, and "that other defendants, Camp-
bell et al. (lienholders), have no interest, right, or lien in
and upon said lands but such as are subject to the said Hen-
derson mortgage and to the mortgage executed" to it, and
closed with the prayer that "the equity of redemption of the
said cross-defendants in this cross-petition may be forever
barred and foreclosed, and said cross-defendants·be decreed to
make redemption from said mortgages within the time fixed
by statute, and upon their failure to do so all equity or right
of redemption therein or thereunder be forever barred, and
for other relief as equity and good conscience may entitle."
No notice of the supplemental petition was served on Camp-
bell, and the decree entered, in so far as it affects his interests,
must be construed with reference to the plaintiff bank's or-
iginal cross-petition.   A decree was entered reciting the set-
tlement, declaring Claussen's homestead free from the liens
of the parties and that "the equity of redemption of the sev-
eral defendants in said land (being the same described in the
petition above herein) be, and the same is hereby forever
barred and foreclosed, unless defendants shall make redemp-
tion by the payment of the Henderson mortgage and the

mortgage by Claus Claussen to the First National Bank of Newton, Iowa, as provided by law, and within the·time fixed by law." No decree appears to have been entered on the cross-petition of the Newton Savings Bank. The mortgage to Henderson was taken up by the First National Bank June 21, 1893. About $1,000 worth of improvements have been placed upon the land, but on which tracts does not appear, and all but one hundred eighty acres have been disposed of to other parties. On June 9, 1900, Campbell caused execution to issue on his judgment and to be levied on all the land conveyed by Claussen to the bank, and this action was begun soon after to enjoin its sale. Decree was entered as prayed, and defendants appeal.—*Reversed.*

*Harrah & Myers* for appellants.

*E. J. Salmon* for·appellees.

LADD, J.—Campbell's judgment attached as a lien on Claussen's land when rendered in 1892. That lien was not affected by his conveyance to the First National Bank of Newton in 1893. Was the land relieved from this lien by the decree entered at the same time?· It is to be borne in mind that Campbell was not made a party to the supplemental petition of the bank, in which some relief appears to have been sought as owner of the land. The decree, in so far as it affects his lien, must be construed with reference to the bank's cross-petition, in which the execution of two notes of $2,500 each, bearing interest, one of which was due, and of mortgages on the land in controversy by Claussen to it, was alleged; also that Campbell and others had judgment against Claussen inferior as liens to said mortgages, and praying judgment for the amount due, decree foreclosing the equity of redemption of all defendants, declaring a lease void, appointing a receiver, and directing that special, and, if necessary, a general, execution issue, and also asking for general equitable relief. The manifest object was the foreclosure of the mortgages, and the relief sought against

Campbell was incidental to effecting this purpose. Keeping in mind this cross-petition, let us examine the decree entered. It did not foreclose either of the mortgages but declared the equity of redemption of Campbell barred and foreclosed un-less he should make redemption by the payment of the Hen-derson mortgage and the mortgages executed by Claussen to the First National Bank of Newton, Iowa, as "provided by law, and within the time fixed by law." But no relief what-ever was sought by Henderson, or in his behalf. That por-tion of the decree is void. Had there been a foreclosure of the mortgage to the bank, the last portion of the decree would be intelligible. But foreclosure of the mortgage was aban-doned, and the only relief appropriate was the declaration of the order in which the liens attached. Certainly, there was no occasion for redemption, one from the other, so long as the sale of the land under none seeking relief was contem-plated. Indeed, in the absence of a sale, the law makes no provision for a redemption, as it is unnecessary for the pro-tection of the parties or their liens. If the decree were to be construed as requiring Campbell to take up the mortgage within a specified time, it is difficult to see how he could have done so without its satisfaction. This would have left him without security on the land for the amount paid. The court could not have intended to compel him to take up the mortgage when such a course was unne-cessary for his or the bank's protection, and might involve him in loss. The decree should be construed, if permissible, in its language, so as to guard the rights of all parties. This may be done if it be said to fix the priority of liens and ex-act, on a foreclosure, a redemption from the subsequent sale in the manner and within the period fixed by law for credi-tors generally. This is the only redemption "provided by law" and the only time "fixed by law." If the decree were to be construed as contended by appellee, there must be im-puted to the court entering it the purpose of absolutely cut-ting off the lien of Campbell's judgment without any corre-sponding benefit to the mortgagee as such. The phrases re-

ferred to add little or nothing to the decree, and, as the manner of redemption in the absence of sale is not defined by statute, nor the time limited, the court could not have intended to terminate all right of redemption in utter disregard of Campbell's lien. Redemption as "provided by law and within the time fixed by law," in a case like this, in which the foreclosure of mortgages has been sought, has a well-defined meaning, and ought to be construed to have reference to redemption from sheriff's sale and within the period allowed judgment creditors. In all the authorities relied upon by appellee there was a sheriff's sale. The Henderson mortgage has been voluntarily paid and canceled. The petition contains no claim for an accounting. As the lien of the judgment has not been terminated, the court erred in enjoining the sale.—REVERSED.